**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARTIN MUNOZ DIOSDADO,<br><br>　　　　　Petitioner,<br><br>　　　　v.<br><br>KEVIN McALEENAN et al.,<br><br>　　　　　Respondents. | ) Case No. EDCV 20-0218-DSF (JPR)<br>)<br>)<br>) ORDER DISMISSING ACTION FOR<br>) FAILURE TO PROSECUTE AND MOOTNESS<br>)<br>)<br>)<br>) |

　　　On February 3, 2020, Petitioner filed a habeas Petition under 28 U.S.C. § 2241, challenging his ICE detention without a bond hearing.  Respondents answered on March 23, and then on April 14 they filed notice that Petitioner had been released on bond and that the Petition was moot.  Shortly thereafter, on April 20 and 28, mail the Court had sent Petitioner at his address of record was returned as undeliverable.  He has not filed a change of address, a reply to the answer, or a request for an extension of time, nor has he responded to Respondents' suggestion of mootness.  The Court's February 5 case-management order advised him that he must "immediately notify the Court and counsel for Respondents of any change of . . . address" and warned him that if he did not, his Petition could be dismissed

under Local Rule 41-6 for failure to prosecute.

Rule 41-6 requires a party representing himself to "keep the Court . . . apprised of such party's current address and telephone number, if any, and e-mail address, if any." It allows for dismissal of lawsuits for failure to comply with the rule: "If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution."

Petitioner's failure to keep the Court updated on his mailing address brings this case within the purview of Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam), which examined when it is appropriate to dismiss a lawsuit for failure to prosecute, see also Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962) ("The power to invoke [dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").

In deciding whether to dismiss a lawsuit for failure to prosecute, a court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440 (citation omitted). Unreasonable delay creates a rebuttable presumption of prejudice to the other party

that can be overcome only with an affirmative showing of just cause by the petitioner.  In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

Here, the first, second, third, and fifth Carey factors militate in favor of dismissal.  In particular, Petitioner has made it impossible for the Court to manage its docket because it has no way to communicate with him, and for that same reason no less drastic sanction is available.  In any event, the Petition appears to be moot, as Respondents suggest, because the only relief requested in it was a bond hearing, and Petitioner has been released from ICE custody.  Finally, Petitioner has not responded to any of Respondents' filings and has therefore not rebutted the presumption of prejudice.  Although the fourth Carey factor weighs against dismissal — as it always does — together the other factors outweigh the public's interest in disposing of the case on its merits.

It therefore is ORDERED that this action is dismissed with prejudice (1) under the Court's inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute, (2) because Petitioner has failed to comply with Local Rule 41-6, and (3) because this action is moot.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 18, 2020

_____
DALE S. FISCHER
U.S. DISTRICT JUDGE

Presented by:

_____
Jean Rosenbluth
U.S. Magistrate Judge